696 A.2d 126

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Romero FALANA, Appellant.**

Supreme Court of Pennsylvania.

Submitted Dec. 9, 1996.

Decided May 21, 1997.

158

John W. Packel, Philadelphia, for Romero Falana.

Catherine Marshall, Helen Kane, Philadelphia, for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION

NEWMAN, Justice.

Romero Falana appeals a judgment of sentence for criminal contempt[1] imposed by the Court of Common Pleas of Philadelphia County. For the reasons that follow, we affirm.

On July 19, 1994, following a non-jury trial, the Honorable Pamela Pryor Cohen, Court of Common Pleas of Philadelphia County, found Appellant guilty of possessing an instrument of crime[2], recklessly endangering another person[3], and aggravated assault.[4] Evidence adduced at trial indicated that on March 24, 1994, Appellant assaulted his former girlfriend, who

1.  42 Pa.C.S. § 4132
2.  18 Pa.C.S. § 907
3.  18 Pa.C.S. § 2705
4.  18 Pa.C.S. § 2702(a)(4)

is the mother of his child. He punched her with his fists and chased her while hitting her on the head with a wooden board. He then grabbed her and threw her to the ground, striking and kicking her until she was unconscious. During the attack she dislodged four teeth, suffered cuts on her cheeks, a lump on her forehead, cuts and swelling on her arm, a black eye and bruised hips and ribs.

The trial court held a sentencing hearing on September 14, 1994, during which the victim testified that throughout her nine-year relationship with Appellant he tormented, harassed, threatened, and physically abused her. She further stated:

> My family has been threatened. He has used that as an excuse for as long as I can remember that if I run and hide from him, he knows where my family lives.
>
> The day that he was found guilty, he telephoned my home, I have no idea how he got my telephone number, and he told me, "Yeah bitch, when I get the fuck out, I'll see you then."
>
> He has shown me that he is not through with me yet.

N.T. September 14, 1994 at 7. At the close of the hearing, the trial court sentenced Appellant to consecutive terms of imprisonment of four and one-half to ten years for aggravated assault, one to two years for recklessly endangering another person, and one to five years for possessing an instrument of crime.

Following sentencing, the judge remained on the bench, and as the sheriffs escorted the Appellant out of the courtroom a disturbance occurred which caused her to direct the sheriffs to return the Appellant to the bar of the court. The judge reconvened the hearing and the Commonwealth called two witnesses, Assistant District Attorney Kyle Birch and the victim. Mr. Birch testified that he was sitting in the back of the courtroom, and that while the Appellant walked by the row where the victim was seated, he said, "I'll be out one day." The victim corroborated Mr. Birch's testimony. Appellant, still represented by the attorney who represented him at trial, called his mother as a witness and she testified that the Appellant directed his statement to her, in response to a

question about when she could see him again. The court considered the testimony and the arguments of counsel before holding Appellant in contempt of court and sentencing him to an additional three months to five months and twenty-nine days in prison.

On appeal, the Superior Court rejected the Appellant's position that his convictions for aggravated assault and reckless endangerment merged for purposes of sentencing. It also affirmed his conviction for contempt of court. However, the Superior Court held that the conviction for possessing an instrument of crime was based on insufficient evidence, and therefore remanded for resentencing. Appellant filed a petition for allowance of appeal, which we granted on the limited issue of contempt.

In *Behr v. Behr*, 548 Pa. 144, 695 A.2d 776 (1997), we noted:

This Court has long upheld a court's power to maintain courtroom authority. In *Commonwealth v. Africa*, 466 Pa. 603, 353 A.2d 855 (1976), we stated:

"During the course of a trial, a summary proceeding to protect the orderly administration of justice is perfectly proper, even when the court is personally attacked. The court must be able to control those appearing before it, and must be able to use its power summarily to avoid interference with the principal matter before the court."

*Id.* at 623, 353 A.2d at 865. Thus it is undisputed that a judge must have broad discretion to maintain control in his courtroom.

In 1978, the Pennsylvania Legislature specifically limited the courts' contempt powers, by Section 4132 of the Judicial Code, 42 Pa.C.S. § 4132:

The power of the several courts of this Commonwealth to issue attachments and to impose summary punishments for contempts of court shall be restricted to the following cases:

(1) The official misconduct of officers of such courts respectively.

(2) Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.

(3) The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.

We acknowledged this limitation in *Matter of Campolongo*, 495 Pa. 627, 631, 435 A.2d 581, 583 (1981), stating: "Although the law has long recognized the inherent power of the courts to impose summary punishment for contemptuous misconduct, that power has been limited in this Commonwealth by Section [4132]." 495 Pa. at 631, 435 A.2d at 583.

A conviction pursuant to section 4132(3) requires proof beyond a reasonable doubt: (1) of misconduct, (2) in the presence of the court, (3) committed with the intent to obstruct the proceedings, (4) which obstructs the administration of justice. *Campolongo; Commonwealth v. Martorano*, 387 Pa.Super. 79, 563 A.2d 1193 (1989). To obstruct justice, conduct must significantly disrupt proceedings. *Campolongo.* We noted in *Commonwealth v. Garrison*, 478 Pa. 356, 386 A.2d 971 (1978) (plurality opinion), that contempt requires actual, imminent prejudice to a fair proceeding or prejudice to the preservation of the court's orderly procedure and authority.

Appellant argues that his statement, "I'll be out one day," is ambiguous, and cannot support a finding of misconduct. We disagree. When reviewing the sufficiency of the evidence, we must evaluate the entire record and consider all evidence actually received. *Commonwealth v. Griscavage*, 512 Pa. 540, 517 A.2d 1256 (1986). In the instant matter, Assistant District Attorney Birch testified that the Appellant made the remark as he walked by the row where the victim was seated. The victim also testified that she was looking at the Appellant when he made the statement. Additionally, the victim's testimony at the sentencing hearing indicates that Appellant had frequently threatened her, and that on the day of his conviction he specifically threatened to harm her upon his release from jail. All of these elements viewed together

support the trial court's determination that the Appellant's words were a threat directed toward the victim. "Perhaps the best definition [of contemptuous misconduct] is behavior that is inappropriate to the actor." *Commonwealth v. Garrison*, 478 Pa. 356, 372, 386 A.2d 971, 979 (1978) (plurality opinion), *citing United States v. Seale*, 461 F.2d 345, 368 (7th Cir.1972). Clearly, threatening the victim in a courtroom is inappropriate behavior for an individual convicted and sentenced for assault.

Appellant next argues that he did not make his statement in the presence of the court because he uttered it quietly in the public section of the courtroom while his back was to the judge. Furthermore, the judge did not actually hear him say the words, "I'll be out one day." However, we have long recognized that acts such as jury tampering and witness intimidation that occur outside the physical presence of the court, but that interfere with its immediate business, are punishable as contempt. *Snyder's Case*, 301 Pa. 276, 152 A. 33 (1930). As we stated more recently, "[m]isconduct occurs in the presence of the court if the court itself witnesses the conduct or if the conduct occurs outside the courtroom but so near thereto that it obstructs the administration of justice." *Garrison* at 372, 386 A.2d at 979, *citing, United States v. Wilson*, 421 U.S. 309, 315 n. 6, 95 S.Ct. 1802, 1806 n. 6, 44 L.Ed.2d 186 (1975). Because an individual can be cited for contempt based on statements made outside the courtroom, it follows that when an individual makes a remark in the courtroom while the judge is physically present, he cannot avoid a conviction for contempt simply because the judge did not hear him speak the words in question.

"A contemner acts with wrongful intent if he knows or should reasonably be aware that his conduct is wrongful." *Garrison* at 372, 386 A.2d at 979, *citing, United States v. Seale, supra* at 368. In determining an offender's mental state, a court looks to his conduct and the surrounding circumstances. *Commonwealth v. O'Searo*, 466 Pa. 224, 352 A.2d 30 (1976). The fact that the Appellant waited until he was out of the range of the judge's hearing to utter his statement to the

victim, supports the trial court's conclusion that he acted with wrongful intent.

Lastly, the Appellant contends that he did not obstruct the administration of justice in this case because he made the remark after the court completed the sentencing hearing. Therefore, he argues that his words did not disrupt the proceedings, and accordingly he did not commit contempt. An obstruction of the administration of justice requires "a showing of actual, imminent prejudice to a fair proceeding or the preservation of the court's authority." *Garrison* at 372, 386 A.2d at 979. By uttering a threat in the courtroom and in the presence of the judge, the Appellant indicated that his conviction and sentencing would not deter him from harming the victim. Through his words, he belittled the trial court's attempt to administer justice and protect the person he had violently attacked. Furthermore, the fact that the Appellant threatened a witness who had just testified against him made it especially important that the court vindicate its authority by holding him in contempt. To have permitted the Appellant to use the courtroom to intimidate his victim, and thereby possibly deter others from testifying in the future, would clearly obstruct the efficient administration of justice and demean the court's authority. Accordingly, we hold that threats made in a courtroom in the presence of a judge may constitute a sufficient basis for a finding of criminal contempt, even if the judicial proceeding has concluded.[5]

For these reasons, we affirm the Order of the Superior Court.

ZAPPALA, J., files a dissenting opinion in which CAPPY, J., joins.

ZAPPALA, Justice, dissenting.

I respectfully dissent. As Appellant's statement was made after the sentencing hearing had concluded, it did not obstruct

5. We granted allocatur on the limited issue of whether the facts of this case provide a sufficient basis for a finding of contempt. Therefore, we do not reach the issue of whether similar conduct in the courtroom, in the presence of court officers, but not in the presence of the judge, may constitute contempt.

the administration of justice and therefore cannot support a conviction for criminal contempt. As noted by the majority, 42 Pa.C.S. § 4132 limits a court's contempt powers to cases of official misconduct of court officers, disobedience or neglect of or to the lawful process of the court, and misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.

An obstruction of the administration of justice is a significant disruption of judicial proceedings. *Commonwealth v. Garrison*, 478 Pa. 356, 378, 386 A.2d 971, 979 (1978). A showing of actual, imminent prejudice to a fair proceeding or to the preservation of the court's authority must be established. *Id.* It is undisputed that Appellant's comment was wholly inappropriate considering the previous threats he had made towards the victim. However, because it was made after the sentencing hearing had concluded, the proper sanction was not a finding of contempt. The comment did not render the proceeding unfair, nor did it prejudice the preservation of the court's authority.

Accordingly, as the administration of justice was not disrupted, Appellant's conduct does not fall within the limited categories for which the court has the authority to impose summary punishments for contempt of court. I would reverse the judgment of sentence as to the contempt conviction.

CAPPY, J., joins this dissenting opinion.