**[J-67A-2014, J-67B-2014 and J-67C-2014] [MO: Eakin, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**


COMMONWEALTH OF PENNSYLVANIA, : No. 47 EAP 2013
                                           :
             Appellant        : Appeal from the judgment of the Superior
                                             : Court entered on 05/15/2012 at No. 1268
                                             : EDA 2011, reargument denied
             v.                 : 07/18/2012, vacating and remanding the
                                             : judgment of sentence entered on
                                             : 05/06/2011, in the Philadelphia Municipal
KATRINA MOODY,                  : Court, Criminal Division at No. MC-51-MD-
                                             : 0000083-2011.
             Appellee         :
                                               : ARGUED:  September 9, 2014


COMMONWEALTH OF PENNSYLVANIA, : No. 48 EAP 2013
                                           :
             Appellant        : Appeal from the judgment of the Superior
                                             : Court entered on 05/15/2012 at No. 1310
                                             : EDA 2011, reargument denied
             v.                 : 07/18/2012, vacating and remanding the
                                             : judgment of sentence entered on
                                             : 05/06/2011, in the Philadelphia Municipal
BARBARA IVERY,                 : Court, Criminal Division at No. MC-51-MD-
                                             : 0000085-2011.
             Appellee         :
                                               : ARGUED:  September 9, 2014


COMMONWEALTH OF PENNSYLVANIA, : No. 49 EAP 2013
                                           :
             Appellant        : Appeal from the judgment of the Superior
                                             : Court entered on 05/15/2012 at No. 1316
                                             : EDA 2011, reargument denied
             v.                 : 07/18/2012, vacating and remanding the
                                             : judgment of sentence entered on
                                             : 05/06/2011, in the Philadelphia Municipal
BERNADETTE ARCHIE,           : Court, Criminal Division at No. MC-51-MD-
                                             : 0000084-2011.
             Appellee         :
                                               : ARGUED:  September 9, 2014

<u>**CONCURRING OPINION**</u>

**MR. JUSTICE BAER**                              **DECIDED:  October 27, 2015**

I join the Majority Opinion in its entirety.  I agree that when misconduct occurs within the immediate view of the court, it is under no obligation to place on the record what it actually saw or heard regarding the contemptuous conduct as part of a summary proceeding that dispenses with the normal due process requirements, such as affording the accused counsel and an opportunity to call and cross-examine witnesses.  I also agree with the majority's cogent observation that "[w]here testimony is required for the court to determine what happened before it can make a finding of contempt, a different scenario presents itself."  <u>See</u> Majority Opinion at 21.  I write separately to address the language on page 17 of the Majority Opinion suggesting that direct criminal contempt may be employed when the offending conduct occurs outside the view of the presiding judge.

While longstanding precedent confirms the power of courts to dispense with normal due process requirements, such as the right to counsel and the right to offer evidence, and impose summary punishment for direct contempts of court, the summary contempt power is nonetheless narrowly limited.  Specifically, as explained by the United States Supreme Court, the summary contempt power is confined to instances of misconduct that occur "in open court, in the presence of the judge, which disturb[] the court's business, where all of the essential elements of the misconduct are under the eye of the court, are actually observed by the court, and where immediate punishment is essential to prevent 'demoralization of the court's authority' before the public." <u>Pounders v. Watson</u>, 521 U.S. 982, 988 (1997) (quoting <u>In re Oliver</u>, 333 U.S. 257, 275 (1948)) (citations omitted).  Elsewhere, the United States Supreme Court has stated

that "[w]here the contempt is committed directly under the eye or within the view of the court, it may proceed 'upon its own knowledge of the facts, and punish the offender, without further proof, and without issue or trial in any form'," but "in cases of misbehavior of which the judge cannot have such personal knowledge, and is informed thereof only by the confession of the party, or by the testimony under oath of others, the proper practice is . . . to require the offender to appear and show cause why he should not be punished." Cooke v. U.S., 267 U.S. 517, 535 (1925) (quoting Ex parte Savin, 131 U.S. 267, 277 (1889)) (citations omitted). Therefore, when the offense is not observed and is indirect, such that the trial judge must depend upon statements made by others for his knowledge about the essential elements of the alleged misconduct, due process requires that the accused "be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf." In re Oliver, 333 U.S. at 275.

Consonant with United States Supreme Court caselaw, 42 Pa.C.S. § 4132 limits, in part, the power of courts in the Commonwealth to impose summary punishments for contemptuous conduct to cases where a person misbehaves "in the presence of the court, thereby obstructing the administration of justice." As this Court has explained "[m]isconduct occurs in the presence of the court if the court itself witnesses the conduct . . . ." Commonwealth v. Garrison, 386 A.2d 971, 979 (Pa. 1978) (citing United States v. Wilson, 421 U.S. 309, 315 n.6 (1975)).[1] The implication is that the court itself either

---

[1] Garrison also holds that there can be direct criminal contempt "if the conduct occurs outside the courtroom but so near thereto that it obstructs the administration of justice." Id. This language, in my view, is ill-considered and more confusing than helpful when one is determining whether an incident should be subject to summary direct criminal contempt or indirect criminal contempt procedures with far more due
(…continued)

saw or heard misconduct that disrupted the administration of justice, and therefore is justified in dispensing with normal due process requirements in order to vindicate the court's authority and dignity.

This Court's decision in Falana, which the majority cites at length, illustrates the principles set forth above. See 696 A.2d 126. In Falana, the contemnor threatened the victim as he was being escorted out of the courtroom and while the judge was on the bench. Id. at 127-28. Because the misconduct occurred in open court, one would presume that the judge saw and heard the misconduct, and there would be no need for the court to prove its understanding of the facts. However, in Falana, the trial judge did not hear the threatening statement. Id. at 129. The judge, therefore, appropriately called witnesses, afforded the accused an opportunity to put on evidence, and permitted the accused to avail himself of legal representation, indicating that his lack of knowledge properly made the matter one of indirect rather than direct criminal contempt. Id. at 128.

By way of contrast, there is no question that in the present matter the trial judge was entitled to dispense with normal due process requirements and conduct a summary proceeding for direct criminal contempt for the purpose of restoring order in the

---

(continued…)

process trappings. To the extent Garrison holds that the conduct was sufficiently close to the judge to allow him to observe what occurred, it is consistent with the body of caselaw regarding direct criminal contempt. To the extent it could be interpreted to hold that conduct occurring outside the presence of the judge but adjacent to where he is situated can also lead to direct criminal contempt, I believe the case should be explained and narrowed. The gravamen of the distinction between direct and indirect criminal contempt is quite simply whether the contempt occurs in the direct presence of the judge – whether he actually saw or heard the contemptuous conduct – regardless of the proximity of the conduct to the judge. This is exemplified by the explanation of Commonwealth v. Falana, 696 A.2d 126 (Pa. 1997) in the body of this opinion, which I believe was correctly decided.

courtroom and to vindicate the authority and dignity of the court. As the Majority Opinion notes, the brawl involving Appellees and the defendant's mother occurred in the gallery of the courtroom within the immediate view of the bench. Moreover, the trial judge, both during the summary proceeding and again in his Rule 1925(a) opinion, affirmed that he observed the belligerent conduct. Because the misconduct at issue occurred in the view of the judge, I agree with the majority's assessment that a summary proceeding for direct criminal contempt was proper in this instance. If, however, the brawl had occurred beyond the observation of the court such that the trial judge would have necessarily depended on the testimony of others to ascertain the essential elements of the alleged misconduct, the facts would have instead warranted a charge of indirect criminal contempt and the usual due process requirements would have applied. See Crozer-Chester Med. Ctr. v. Moran, 560 A.2d 133, 136 (Pa. 1989) (distinguishing between direct and indirect contempts).

Mr. Justice Stevens joins this concurring opinion.