J-S59028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAKYRA THOMAS | |
| Appellant | No. 337 EDA 2014 |

Appeal from the Judgment of Sentence December 5, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-MD-0003190-2013

BEFORE:  BENDER, P.J.E., OLSON and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                **FILED OCTOBER 07, 2016**

Appellant, Shakyra Thomas, appeals from the judgment of sentence entered on December 5, 2013 after she was found guilty of direct criminal contempt.[1]  We affirm.

The trial court summarized the relevant factual background and procedural history as follows:

> At the Justice Juanita Kidd Stout Center for Criminal Justice, the First Judicial District permits persons to bring cell phones and other electronic devices into the courtroom, but requires that those devices not be seen, heard, or used. Prominently displayed in the lobby of the courthouse, in every elevator and on the doors outside of every courtroom is a sign that provides the following:

---

[1] 42 Pa.C.S.A. § 4137(a)(1).

*Former Justice specially assigned to the Superior Court.

By the Order of the Court, all cell phones and other electronic devices that are brought to the courtroom and not powered off and out of sight may be confiscated and searched by the court. Failure to comply with this policy may result in sanctions, including punishment for criminal contempt and expulsion from the courtroom.

On December 5, 2013, the court began its list in Courtroom 803 at 8:30 a.m. Court staff announced the court's cell phone and electronic device policy when court began and one or two times after that during the day. At approximately 1:05 p.m., the court was conducting a sentencing hearing when the court's attention was drawn to [Appellant]. She was seated in the gallery and was using her cell phone. The court could see that the screen was not blank and that other persons nearby were looking at the screen. [Appellant] and those looking at the screen were giggling.

Based on the court's direction, court staff confiscated [Appellant's] cell phone. The court appointed the Public Defender to represent [Appellant] and stated that the court would hold a hearing on [her] direct criminal contempt.

[Five minutes later, a cell phone owned by Jawanda Wright (an appellant in a related appeal) made a noise and Ms. Wright's cell phone was also confiscated.]

At the hearing, the court heard from [Appellant], Ms. Wright, and Ms. Price, who is [Appellant's] sister. The court learned that the three of them were present in court with Ms. Price's four-year-old daughter to support Ms. Wright's daughter []. Ms. Price testified that her four-year-old daughter took the phone out of a bag, that [Appellant] took the phone from the young girl and hit her hand, and then the young girl laughed alone. [Appellant] only stated that she was present to support her friend. [Ms. Wright contends she was only turning her phone off.]

The court held [Appellant] and Ms. Wright in direct criminal contempt based on its observations that they both obstructed the court's proceedings as a result of their failure to follow the directions concerning cell phones that are posted all over the courthouse. Defense counsel

recommended a sentence of no further penalty for [Appellant] and Ms. Wright. The court agreed with the recommendation and sentenced [Appellant] and Ms. Wright to no further penalty.

When determining what to do with the cell phones that were in the possession of the court, the court explained that it intended to keep the cell phones as evidence at least during the [30]-day appeal period. [Appellant] and Ms. Wright decided to waive their right to an appeal and the court, therefore, returned the phones to them. The court conducted a colloquy in support of its findings that [Appellant] and Ms. Wright properly waived their right to an appeal. Counsel for [Appellant] and Ms. Wright agreed that the waiver was knowing, intelligent and voluntary.

Trial Court Opinion, 12/29/15, at 2-4 (internal citations omitted). Appellant then filed a post-sentence motion, asking the court to vacate its contempt verdict, claiming she had been coerced into waiving her right to appeal. The trial court denied the motion on January 13, 2014. This timely appeal followed.[2]

Appellant presents two issues for our review:

1. Did [] the [trial] court violate due process of law by extorting an involuntary waiver of [Appellant's] appellate rights as the ransom for the safe return of her cell phone?

2. Was [] the evidence insufficient to prove contempt in that there was no intent to disrupt proceedings and no actual obstruction of the administration of justice?

---

[2] Appellant filed a notice of appeal on January 17, 2014 and was directed by the trial court to file a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant timely filed her Rule 1925(b) statement and, within the statement, Appellant listed the issues she currently raises on appeal.

Appellant's Brief at 3.

In considering an appeal from a contempt order, we give great deference to the trial court. ***Commonwealth v. Williams***, 753 A.2d 856, 861 (Pa. Super. 2000), *citing* ***Commonwealth v. Jackson***, 532 A.2d 28, 31-32 (Pa. Super. 1996). Because each trial court is the "exclusive judge of contempts against its process," we will only reverse the trial court's decision if there is a plain abuse of discretion. ***Id.*** We are limited to examining the record to determine if the facts of record support the trial court's decision. ***Id.*** We must evaluate the record and consider all evidence actually received. ***Id.***

Appellant first argues that her waiver of appellate rights was involuntary. Appellant's Brief at 7. The right to appeal can only be waived if it is a knowing and intelligent act. ***Commonwealth v. Dosch***, 501 A.2d 667, 670 (Pa. Super. 1985). Appellant's assertion is unsupported by the record. The trial court found Appellant had knowingly, intelligently, and voluntarily waived her appellate rights. N.T. Hearing, 12/5/13, at 52. Further, Appellant's counsel testified that she believed the waiver was knowing, voluntary, and intelligent. ***Id.*** at 51. In addition, the trial court conducted a thorough colloquy to determine whether Appellant understood her right to appeal, had spoken to her attorney, and was voluntarily, knowingly, and intelligently waiving her appellate rights. ***Id.*** 47-52. Although Appellant is now asserting that the trial court coerced her to waive

her rights by holding her cell phone, she testified during her colloquy that no one, including the court, had coerced her to waive her rights. *Id.* 49-50. Appellant is bound by the statements she made during her colloquy and cannot now obtain relief by contradicting those statements. *Commonwealth v. Barnes*, 687 A.2d 1163, 1167 (Pa. Super. 1996); *see also Commonwealth v. Bishop*, 645 A.2d 274, 277 (Pa. Super. 1994) (holding an appellant cannot obtain relief by claiming he lied during his waiver colloquy); *Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002) (holding an appellant was not entitled to relief based on the claim that his attorney coerced him to plead guilty when he stated in his plea colloquy that he was not being forced or threatened).

Further, the record does not support Appellant's contention of coercion. The fact that Appellant chose to re-acquire her lawfully confiscated cell phone instead of appealing her direct criminal contempt conviction does not make her decision to waive her appellate rights involuntary. Appellant used her cell phone to commit an unlawful act and accordingly, it was proper for the court to seize her phone and retain possession of it. *See Commonwealth v. Durham*, 9 A.3d 641, 645 (Pa. Super. 2010). The trial court gave Appellant an accommodation by allowing her an opportunity to have her cell phone returned immediately, but Appellant was free to refuse this option and appeal the trial court's decision. Further, the trial court allowed Appellant to bypass the requirement that she file a motion seeking

return of her property. **See** Pa.R.Crim.P. 588. Appellant now contends there was no need for the trial court to seize her phone, as she did not dispute that she possessed it. However, she did not raise this objection before the trial court and has accordingly waived this issue. Pa.R.A.P. 302(a).

For these reasons, we find Appellant's waiver was not involuntary. Accordingly, she waived her right to appellate review. However, we will address her argument that the evidence was insufficient to prove contempt, as we find it to be without merit.

When reviewing a claim of sufficiency of the evidence, we must determine whether "the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth . . ., are sufficient to establish all elements of the offense beyond a reasonable doubt." **Commonwealth v. Diamond**, 83 A.3d 119, 126 (Pa. 2013).

Trial courts have the power to impose summary punishment for contempt of court. 42 Pa.C.S.A. § 4132. Contempt proceedings are criminal if they "have as a dominant purpose the vindication of the dignity and authority of the court and to protect the interests of the public." **Commonwealth v. Marcone**, 410 A.2d 759, 762 (Pa. 1980). Criminal contempt is divided into direct and indirect contempt. **Id.** A direct criminal contempt is "misconduct of a person in the presence of the court, or disobedience to or neglect of the lawful process of the court, or to

misbehavior so near thereto as to interfere with the immediate business of the court." *Id.* Here, Appellant argues that there was no evidence sufficient to demonstrate she intended to disrupt proceedings to cause an obstruction of justice. Appellant's Brief at 9.

Evidence is sufficient to establish criminal contempt where there is proof: "(1) of misconduct, (2) in the presence of the court, (3) committed with intent to obstruct the proceedings, and (4) that obstructs the administration of justice." *Commonwealth v. Moody*, 125 A.3d 1, 5 (Pa. 2015).

Appellant's behavior constituted misconduct. Misconduct is "behavior inappropriate to the actor." *Commonwealth v. Falana*, 696 A.2d 126, 129 (Pa. 1997). Here, Appellant had her cell phone present in the courtroom without it being turned off and out of sight. This is a direct violation of the court order posted on signs throughout the courthouse, including the lobby and all elevators. N.T. Hearing, 12/5/13, at 7-9. Appellant asserts she was only turning off her cell phone when it was confiscated, but this directly contradicts the record. The trial court saw Appellant using her cell phone and laughing with others over what they were viewing on the phone. *Id.* at 5-6 and 9-11. Her actions clearly constitute misconduct.

Appellant does not dispute that her misconduct occurred in the presence of the court, as it occurred when the trial court judge was clearly present. Appellant's Brief at 10. However, Appellant contends that the

element of intent is not met because she did not intend to disrupt the proceedings.

Intent can be found if the offender "knows or should reasonably be aware that his conduct is wrongful." *Falana*, 696 A.2d at 129. Appellant concedes that she knew her conduct of having her cell phone turned on was wrongful. Nevertheless, Appellant contends that she was not aware that turning her cell phone off was wrongful as well. Appellant's Brief at 10. However, if she knew having her phone turned on was wrongful, she should have reasonably known that any use of the cell phone in the courtroom was wrongful. Even if she were only turning the phone off, she could have and should have exited the courtroom so as not to disrupt the court proceedings and further violate the order.

Finally, Appellant argues that the second it took to power her phone down and the small noise it made did not constitute a significant disruption to constitute an obstruction of justice. Appellant's Brief at 10. To obstruct justice, conduct must significantly disrupt proceedings, requiring "actual, imminent prejudice to a fair proceeding or prejudice to the preservation of the court's orderly procedure and authority." *Falana*, 696 A.2d at 129. Despite Appellant's argument that her actions were not significant, her disregard for the court order disrupted the sentencing proceeding being conducted by the court. N.T. Hearing, 12/5/13, at 5-7. Further, as the trial court correctly noted, cell phones in courtrooms "present unique and

important challenges." Trial Court Opinion, 12/29/15, at 4. Cell phones can create potential security issues and can prevent witnesses from feeling safe in testifying before the tribunal. Further, Appellant's misconduct was in open disregard to the trial court's authority and the court's order prohibiting cell phone use in court. Without punishing Appellant, the court's authority would have been eroded and the ability to control the courtroom would have been threatened. *See Williams*, 753 A.2d at 863 (noting failing to respond to misconduct would have eroded the court's authority). Appellant's misconduct obstructed the administration of justice. Accordingly, even if Appellant had not waived her right to appeal, she would not be entitled to relief.

Judgment of sentence affirmed.

Bender, P.J.E. joins this memorandum.

Fitzgerald, J. notes dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/7/2016