J-A12019-19

2019 PA Super 218

| IN RE: SHELDON ARRINGTON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: SHELDON ARRINGTON | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 831 WDA 2018 |

Appeal from the Judgment of Sentence Entered May 10, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-MD-0001985-2018

BEFORE: BENDER, P.J.E., DUBOW, J., and FORD ELLIOTT, P.J.E.

OPINION BY DUBOW, J.: **FILED JULY 16, 2019**

Appellant, Sheldon Arrington, appeals from the Judgment of Sentence that the Allegheny County Court of Common Pleas entered after the court issued an Order finding him in Contempt of Court. Appellant challenges the sufficiency of evidence and the discretionary aspects of his sentence. After careful review, we affirm.

We glean the following factual and procedural history from the certified record. The use of cellphones in courtrooms of the Allegheny County Courthouse is prohibited by Order of the Court. Notice of this prohibition is on numerous signs at the Courthouse.

On April 13, 2018, Appellant, an Allegheny County juvenile court probation officer with a 19-year tenure, was sitting in the front row of the general seating area of the courtroom, waiting to testify as a witness in a hearing to transfer a matter to juvenile court. After the trial judge took the

bench, the court crier called the case and the sheriff left the courtroom to escort the defendant into the hearing. While waiting for the sheriff to return, the judge observed Appellant texting on his cellphone and asked Appellant to put his cellphone away. Appellant looked around the courtroom, responded, "there's nothing going on in here," stated that he had an "emergency," and continued to use his cellphone. The trial court then ordered Appellant to leave the courtroom. Appellant left not only the courtroom but also the courthouse.

The defendant's counsel was then unable to contact Appellant to return to the courtroom to testify on the defendant's behalf. Concerned that Appellant's conduct might impact the court's determination of Appellant's credibility, the defendant's counsel requested that the judge recuse himself from the matter. The judge recused himself. The court then sent the case to the court administrator for reassignment.[1]

The trial court then issued a Rule to Show Cause upon Appellant to show cause why the court should not hold him in contempt of court. At the hearing, Appellant apologized for his conduct. He did not present any other evidence.

The trial court found Appellant guilty of criminal contempt for using his cellphone in the courtroom and imposed a sentence of ten days of

---

[1] The juvenile defendant and his co-defendant were to be tried jointly, unless the defendant's case was sent to juvenile court. The court administrator, thus, reassigned both cases.

incarceration.  After Appellant filed a Motion for Reconsideration, the trial court modified the sentence to a term of five to ten days of incarceration.[2]

Appellant filed a timely Notice of Appeal.  Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Was the evidence sufficient to support the lower court's finding of contempt, specifically, did the evidence support a finding that Appellant intended to disrupt the proceedings?

2. Did the lower court abuse its discretion in imposing a sentence of incarceration upon Appellant for using a cellphone in court when no active proceedings were ongoing and then offering a verbal protest to the court which was not loud, violent or belligerent, and was such a sentence inappropriate under the facts of the case?

Appellant's Br. at 3.

Appellant first challenges the sufficiency of evidence.  Appellant argues that the evidence did not establish that he possessed the intent to disrupt the proceedings because his conduct lacked "flagrant defian[ce]" as it was "not loud, angry[,] or belligerent."  Appellant's Br. at 13.  Appellant notes that

---

[2] We note that the trial court erroneously issued the contempt order pursuant to 42 Pa.C.S. § 4137(a)(1).  **See** Amended Order of Sentence, filed 5/21/18. Section 4137 relates to the contempt powers of magisterial courts and not the Court of Common Pleas.  However, "[t]he power to punish for contempt . . . is a right inherent in courts and is incidental to the grant of judicial power under . . . our Constitution."  **Commonwealth v. Marcone**, 410 A.2d 759, 763 (Pa. 1980).  Accordingly, the trial court had the authority to find Appellant in contempt of court pursuant to common law.

when he used his cellphone, there were no "'active' [judicial] proceeding[s]." *Id.* at 19.

In reviewing an appeal from a contempt order, "we place great reliance on the discretion of the trial judge." *Commonwealth v. Williams*, 753 A.2d 856, 861 (Pa. Super. 2000) (citation omitted). We review the record to determine if the facts support the trial court's decision and will reverse the trial court only if there is a "plain abuse of discretion." *Id.* (citation omitted).

"The ability to issue a criminal contempt [sanction] empowers a trial judge with the ability to maintain command over his or her courtroom." *Id.* "If we . . . carve away at this power, the sanctity and balance of the courtroom may be in jeopardy." *Id.* (citation omitted); *see also* 42 Pa.C.S. § 4132.

Evidence is sufficient to sustain a conviction of contempt where there is proof beyond a reasonable doubt of (1) misconduct, (2) in the presence of the court, (3) committed with the intent to obstruct the proceedings, (4) that obstructs the administration of justice. *Commonwealth v. Moody*, 125 A.3d 1, 5 n.4 (Pa. 2015).

We start by addressing the first element of contempt. Misconduct is behavior that is inappropriate to the role of the actor. *Commonwealth v. Falana*, 696 A.2d 126, 129 (Pa. 1997) (citation omitted). There is no dispute in this case that Appellant used his cellphone in the courtroom in violation of the courthouse prohibition against the use of cellphones. To make matters worse, Appellant not only argued with the trial judge when the trial judge told Appellant to put away his cellphone, but also continued to use his cellphone.

It is Appellant's use of the cellphone and defiance of the trial judge's directive to put away Appellant's cellphone that constitutes misconduct.

The second element is that the defendant engages in the misconduct in the presence of the court. In this case, it is also undisputed that it was in the presence of the court that Appellant used his cellphone and then defied the court's directive to put away the cellphone.

The third element of contempt requires evidence that the "contemnor knows or should reasonably be aware that his conduct is wrongful." **Williams**, 753 A.2d at 862 (citation omitted). The intent element of contempt focuses on whether the contemnor knew or should have known the conduct was wrongful, not whether the contemnor knew or should have known the conduct would obstruct the proceedings. **See id.**

Additionally, when an appellant has appeared before the court on several prior occasions, an appellant should be aware of the seriousness of the proceedings and the proper decorum. **Commonwealth v. Mutzabaugh**, 699 A.2d 1289 (Pa. Super. 1997)

In this case, Appellant had been a juvenile probation officer in Allegheny County for approximately 19 years. The courthouse has numerous signs prohibiting the use of cellphones. Additionally, the trial court told Appellant to put away his cellphone and Appellant refused. It is from these facts, therefore, that the factfinder could reasonably conclude that Appellant "knew or should have been aware" that the use of a cellphone in the courtroom was wrongful. It is also reasonable to infer from Appellant's experience as a

probation officer who appears in court often that Appellant "knew or should have been aware" that his defiance of the court's directive to put away his cellphone was also wrongful conduct. Accordingly, sufficient evidence supports the third element.

The fourth element of contempt—obstructing the administration of justice—requires proof that Appellant's conduct significantly disrupted judicial proceedings. **Williams**, 753 A.2d at 863. The Pennsylvania Supreme Court has concluded that a challenge to "the preservation of the court's authority" is a "significant disruption in [a] judicial proceeding[]" because it "obstructs the efficient administration of justice and demeans the court's authority." **Commonwealth v. Falana**, 696 A.2d 126, 129 (Pa. 1997) (citation omitted) **Williams**, 753 A.2d at 863.

We conclude that Appellant's conduct meets this fourth element. The disruption at issue was Appellant's defiance of the court's directive to stop using the cellphone in the courtroom. While Appellant's continued use of his cellphone did not cause significant delay in the judicial proceedings, Appellant's defiance by continuing to use the cellphone in the courtroom was a challenge to the court's authority. **Falana**, 696 A.2d at 129; **Williams**, 753 A.2d at 863. If the trial judge had not held Appellant in contempt of court, Appellant's defiance "[may] have eroded the Court's authority" and jeopardized the "sanctity and balance of the courtroom." **Williams**, 753 A.2d at 863. Accordingly, the fourth element was met.

In sum, we conclude that the evidence supports the trial court's decision. Therefore, the trial court did not abuse its discretion in finding Appellant guilty of criminal contempt. Accordingly, Appellant's sufficiency challenge warrants no relief.

In his second issue, Appellant challenges discretionary aspects of his sentence. He contends that his sentence was excessive and inappropriate, asserting that because his actions were neither "belligerent nor openly defiant," a punishment of imprisonment was unwarranted. Appellant's Br. at 23.

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue, we must determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

In the instant case, Appellant met the first three elements by filing a timely Notice of Appeal, properly preserving the issue in a Motion for Reconsideration, and including a Statement of Reasons Relied Upon for

Allowance of Appeal pursuant to Pa.R.A.P. 2119(f). Thus, we proceed to address whether Appellant's sentencing challenge raises a substantial question for our review.

Whether a substantial question has been raised is determined on a case-by-case basis. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation and quotation omitted).

A sentence for criminal contempt must be for a determinate term of imprisonment or a fixed fine. *Commonwealth v. Falkenham*, 452 A.2d 750, 757 (Pa. Super. 1982). A sentence of imprisonment must comply with the Sentencing Code, which "mandates that the court impose a maximum sentence, but also a minimum sentence which shall not exceed one-half of the maximum." *Williams,* 753 A.2d at 865 (citing 42 Pa.C.S. § 9756(b)). The maximum sentence for a summary criminal contempt conviction may not exceed six months. *Commonwealth v. Mayberry*, 327 A.2d 86, 89 (Pa. 1974); *Falkenham, supra* at 758. As noted above, the court sentenced Appellant to a term of five to ten days of incarceration.

Appellant's argument is, essentially, that he disagrees with the imposition of incarceration as a sanction. While he acknowledges that it is

within the court's discretion to fashion a sentence, Appellant asserts that he should not be incarcerated because lesser sanctions were available. Appellant's Br. at 21. Appellant fails to present a "colorable argument" that the judge imposed a sentence inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. Since the sentence of five to ten days of incarceration is well within the six month maximum sentence permitted for summary criminal contempt sanctions, Appellant has failed to raise a substantial question. Accordingly, this claim fails.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2019