J-A24005-23

2024 PA Super 81

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN WILLIAMS | : | |
| | : | |
| Appellant | : | No. 2725 EDA 2022 |

Appeal from the Judgment of Sentence Entered September 26, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  MC-51-MD-0000041-2022

BEFORE:  STABILE, J., DUBOW, J., and SULLIVAN, J.

OPINION BY STABILE, J.:                    **FILED APRIL 23, 2024**

Appellant, John Williams, appeals a judgment of sentence entered by the Court of Common Pleas of Philadelphia County (trial court).  At a preliminary hearing in the underlying matter to this contempt proceeding, Appellant formed his hand into the shape of a gun and pointed it at a testifying witness.  The trial court moments later held a non-jury trial and found Appellant guilty of direct criminal contempt (42 Pa.C.S.A. §4132(3)).  Appellant now challenges his contempt conviction on the ground that the evidence was legally insufficient.  We affirm.

On the day in question, Appellant had been charged with burglary and several related crimes.  A preliminary hearing was being held to determine whether Appellant would be held for court on those charges.  The Commonwealth presented the testimony of Donald Nugent, the son of the owners of the home that had been allegedly burglarized by Appellant.  As

Nugent was about to begin testifying, Appellant entered the courtroom walking with a cane. Although Nugent and the trial court did not observe it, Appellant was seen directing one of his hands at Nugent while bent in the shape of a gun. After Nugent had finished testifying, the trial court ruled that the charged offenses would be held for court.

The trial court then held a summary contempt proceeding, explaining to Appellant that he had been observed making a threatening gesture toward a witness. Appellant attempted to explain that he was inexperienced in the criminal justice system, and that he had been "shocked" upon entering the courtroom, to the degree that he did not know where he was. He also claimed to have a "twitch" in his hand, which had caused his inadvertent gesture toward Nugent. *See* N.T. Trial, 9/26/2022, at 26.

The trial court determined that Appellant's explanations lacked credibility. Finding that Appellant had committed the crime of contempt, the trial court sentenced him to 30 to 60 days of incarceration. A timely appeal was filed, and in his 1925(b) statement of errors, Appellant asserted the following basis for relief:

> The evidence was insufficient to find Appellant guilty of summary contempt where no direct evidence of Appellant's contemptuous behavior was presented at the contempt hearing. Moreover, there was insufficient proof that Appellant had wrongful intent, the requisite *mens rea* to be guilty of criminal contempt.

1925(b) Statement, 1/3/2023, at 2.

In Appellant's brief, he now repeats his challenge to the sufficiency of the evidence as to the intent element of criminal contempt. Additionally, he

- 2 -

argues for the first time that the evidence was legally insufficient to establish that "his conduct obstructed the administration of justice." Appellant's Brief, at 3.

"When reviewing a contempt conviction, much reliance is given to the discretion of the trial judge." **Commonwealth v. Haigh**, 874 A.2d 1174, 1176-77 (Pa. Super. 2005) (quoting **Commonwealth v. Kolansky**, 800 A.2d 937, 939 (Pa. Super. 2002)). This Court's review is "confined to a determination of whether the facts support the trial court's decision." **Id**. (quoting **Kolansky**, 800 A.2d at 939). Reversal of a finding of contempt is permissible only to correct an abuse of the trial court's discretion. **Id**.

"Direct criminal contempt consists of misconduct in the presence of the court or misconduct so near thereto as to interfere with the immediate business of the court or disobedience to the lawful process of the court." **In re Campolongo**, 435 A.2d 581, 583 n.4 (Pa. 1981). The offense of direct contempt has four elements which must be proven beyond a reasonable doubt: "(1) misconduct, (2) in the presence of the court, (3) committed with the intent to obstruct the proceedings, (4) which obstructs the administration of justice." **Commonwealth v. Moody**, 125 A.3d 1 (Pa. 2015).

"[A] subjective intent to obstruct the administration of justice is not a requisite element of criminal contempt." **Commonwealth v. Owens**, 436 A.2d 129, 133 (Pa. 1981). Rather, wrongful intent will be found when the contemnor "knows or should reasonably be aware that his conduct is wrongful." **Commonwealth v. Garrison**, 386 A.2d 971, 978 (Pa. 1978). "In

determining an offender's mental state, a court looks to his conduct and the surrounding circumstances." ***Commonwealth v. Falana***, 696 A.2d 126, 129 (Pa. 1997).

The element of obstructing the administration of justice does not necessarily entail a delay to a court's proceedings. Even threats made toward a victim at the conclusion of a case, and outside the physical presence of the court, may amount to obstruction because witness intimidation "would clearly obstruct the efficient administration of justice and demean the court's authority." ***Falana***, 696 A.2d at 129; ***see also Commonwealth v. Outlaw***, 306 A.3d 406 (Pa. Super. 2023) (affirming contempt conviction where defendant had uttered profanity to the trial judge in open court, brazenly demonstrating disrespect for the court's authority).

In the present case, Appellant asserts that the evidence of contempt was legally insufficient. First, he argues that the record contains no evidence of intent behind his hand gesture. Second, he argues that there was no evidence that his gesture disrupted the administration of justice. We find neither of these grounds to be availing.

The record objectively shows that Appellant's hand had formed the shape of a gun toward an adverse witness who was testifying against him at trial. At the trial on the contempt charge, Appellant *admitted* that this occurred, and that such conduct is wrongful. ***See*** N.T. Trial, 9/26/2022, at 26-27.

Crucially, Appellant's defense was that his hand would involuntarily clench and shake in such a way as to form the shape of a gun. He claimed that he had a "twitch" in his hand that had been mistaken for a deliberate threat. This supposed twitch even was demonstrated to the trial court during the contempt proceedings. Moreover, Appellant claimed he took no precautions against offending anyone with his inadvertent conduct because he had not realized that he had entered a courtroom. *See id*., at 25-26.

These attempts to refute the intent element of criminal contempt put Appellant's credibility directly at issue. It was therefore appropriate for the trial court to consider whether Appellant was credible in stating (a) that he did not know he was in a courtroom, and (b) that he could not control a "twitch" that caused his hand to clench in the shape of a gun.

As to Appellant's awareness of his surroundings, the evidence showed that he had an extensive history in the criminal justice system, resulting in five prior convictions and even more arrests. The trial court found Appellant was clearly untruthful in stating that was unfamiliar with the appearance of a courtroom, and that he did not know where he was when the subject conduct occurred. *See id*., at 28-29.

As to the voluntariness of Appellant's threatening hand gesture, the trial court was able to observe him at length at both the preliminary hearing and the contempt proceedings. The record supports the trial court's observation that Appellant's hands would remain steady at all times "except for when you

want them not to be." ***Id***., at 33. Thus, Appellant's explanations for his conduct were not credible, and the trial court did not abuse its discretion in inferring that Appellant had the requisite intent to threaten the Commonwealth's witness. ***See e.g., Commonwealth v. Cannady***, 590 A.2d 356, 358 (Pa. Super. 1991) ("[A] person is presumed to intend the natural consequences of his act.").

Turning to Appellant's sufficiency challenge as to whether the administration of justice was obstructed, we note at the outset that this claim is not preserved for appellate review. The issue was not raised before the trial court, and it was likewise omitted from Appellant's 1925(b) statement, resulting in a waiver of the claim and precluding consideration of its merits. ***See Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005).

Regardless, even if the claim were preserved, we would find that the record contains sufficient evidence to establish the obstruction element. A party's misconduct amounts to an obstruction of the administration of justice where it causes "actual, imminent prejudice to a fair proceeding or prejudice to the preservation of the court's orderly procedure and authority." ***Commonwealth v. Williams***, 753 A.2d 856, 863 (Pa. Super. 2000). Allowing a criminal defendant "to use the courtroom to intimidate his victim, and thereby possibly deter others from testifying in the future, would clearly obstruct the efficient administration of justice and demean the court's authority." ***Commonwealth v. Falana***, 696 A.2d 126, 129 (Pa. 1996).

Here, even if Appellant's conduct was not directly observed by the trial court or victim, and did not result in any delays, he still caused an obstruction. *See id*. Appellant threatened a witness who was testifying in open court, resulting in actual, imminent prejudice to the fairness of the proceeding, as well as to the court's orderly procedure and authority. *See Williams*, 753 A.2d at 863. Thus, the evidence was legally sufficient to sustain Appellant's contempt conviction, and the judgment of sentence must stand.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/23/2024