J-S04020-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZIANI T. RICHARDSON | : | |
| | : | |
| Appellant | : | No. 1531 EDA 2025 |

Appeal from the Judgment of Sentence Entered May 23, 2025
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  MC-51-MD-0000035-2025

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 1, 2026**

Appellant, Ziani T. Richardson, seeks review of the judgment of sentence entered by the Court of Common Pleas of Philadelphia County (trial court).  During another individual's jury trial, Appellant repeatedly violated the trial court's orders by using her cellular phone in the court room.  Appellant was held in contempt due to this conduct, and she now seeks review of the conviction on the ground that there was no evidence she intended to obstruct the proceedings.  We affirm.

The trial court has aptly summarized the relevant facts of this case as follows:

> On May 20, 2025, Appellant entered the courtroom during this Court's opening jury instructions. Appellant pulled out her cell phone and attempted to photograph the defendant.  This Court advised her that there were no phones allowed in the courtroom and that she needed to put her cell phone away.  Just before the lunch recess, this Court again observed Appellant pulling out her

phone and texting, before closing the phone and putting it back in her purse. This Court then made another announcement that anyone who is not a barred attorney must not have phones in the courtroom, and that failure to comply with this order may result in immediate confiscation of the phone.

Upon the return from the lunch recess at about 1:30 PM, Appellant opened the door adjacent to the district attorney's witness anteroom, stuck her arm and cell phone into the courtroom, and began to pan her cell phone from one end of the door to the other. This Court's officers brought her back into the courtroom to address what this Court believed was a blatant disregard of two separate orders to not use cell phones in the courtroom. Appellant was taken into custody.

Upon the initiation of contempt proceedings, Appellant made statements including, "I don't care . . . I'm going to beat this . . . you don't have any proof." This Court also heard Appellant screaming at the sheriffs as they attempted to calm her down.

At Appellant's May 23, 2025 contempt hearing, Appellant did not dispute the facts of the case, expressed remorse for her actions, and asked for a sentence of time served. The Commonwealth, however, noted that Appellant disregarded two separate orders of this Court and, therefore, should be subject to whatever sentence this Court deems necessary. This Court found Appellant guilty of contempt, and Appellant consented to immediately proceed with sentencing.

In her pre-sentencing statement, Appellant apologized to this Court and explained that in the second incident, she thought this Court was still on lunch and that she was trying to get cell service. Before imposing its sentence, this Court noted that it took into consideration the gravity of the offense, the need to provide protection for the community . . . the fact that [Appellant] has no prior criminal history . . . [Appellant's] behavior and the statements that she made in open court once the Court instituted the contempt proceedings." This Court sentenced Appellant to seven to fourteen days of incarceration, parole at her minimum, and imposed a $300 fine.

Trial Court 1925(a) Opinion, 8/8/2025, at 2-3 (internal footnotes and citations omitted).

Appellant timely appealed, and in her brief, she now raises a single issue – whether the trial court "erred and abused its discretion when it found [Appellant] in contempt of court and sentenced her to jail time." Appellant's Brief, at 7. [1]

"Each court is the exclusive judge of contempts against its process." *Garr v. Peters*, 773 A.2d 183, 189 (Pa. Super. 2001). Section 4132 of the Judiciary Code authorizes the courts of this Commonwealth to "issue attachments and to impose summary punishments for contempts of court" in several situations, including when there is "misbehavior of any person in the presence of the court, thereby obstructing the administration of justice." 42 Pa.C.S.A. § 4132(3).

To sustain a conviction for "direct" criminal contempt committed in the presence of the court, every element of the offense must be established beyond a reasonable doubt. *See In re Campologno*, 435 A.2d 581, 583

---

[1] The statement of the question presented in Appellant's brief, as well as her 1925(b) Statement, only refer broadly to the trial court's exercise of discretion in finding her to be in contempt. *See* Appellant's Brief, at 7. In doing so, Appellant neglected to specify the particular element, or elements, that she is challenging on the ground of legal sufficiency, risking complete waiver of her claim. *See generally Commonwealth v. Manley*, 985 A.2d 256, 262 (Pa. Super. 2009) (holding sufficiency claims waived due to vagueness in 1925(b) statement and argument in brief as to which elements of an offense were unproven). However, in the argument section of her brief, Appellant specifies that she is challenging the legal sufficiency of the "intent" element of direct contempt. *See* Appellant's Brief, at 13-14. We therefore limit our review to consideration of that particular element of the offense.

(Pa. 1981); *see also Behr v. Behr*, 695 A.2d 776, 779 (Pa. 1997) (same). The elements of this offense are: "(1) []misconduct, (2) in the presence of the court, (3) committed with the intent to obstruct the proceedings, that (4) obstructs the administration of justice." *Williams v. Williams*, 721 A.2d 1072, 1073 (Pa. 1998).

"A contemner acts with wrongful intent if [s]he knows or should reasonably be aware that h[er] conduct is wrongful." *Commonwealth v. Falana*, 696 A.2d 126, 129 (Pa. 1997). To determine the mental state of an offender, the court "looks to h[er] conduct and the surrounding circumstances." *Id*. "This Court's standard for reviewing a finding of direct criminal contempt is an abuse of discretion." *In re Davis*, 302 A.3d 166, 173 (Pa. Super. 2023).

Here, we find that the trial court did not abuse its discretion in finding Appellant in direct contempt because there was sufficient evidence of Appellant's intent to disrupt the court proceedings. On two separate occasions, the trial court warned Appellant that she was not permitted to use her cellular phone in the courtroom, and the courthouse itself contained signs warning of this prohibition.

On the third occasion on which Appellant used her cellular phone in the courtroom, she claimed that she believed the proceedings had not yet resumed from the lunch recess. However, regardless of Appellant's explanation for defying the trial court's directive, the prior warnings would

have made Appellant reasonably aware that her conduct in using her phone in the courtroom was wrongful. *See Falana*, 696 A.2d at 129. Additionally, Appellant's outbursts following her removal from the courtroom, and her remark that she did not "care" about the impact of her conduct, tended to show that Appellant had little regard for the trial court's authority. Thus, there was sufficient evidence of Appellant's intent to disrupt the proceedings, and her conviction for direct criminal contempt must be upheld.

Judgment of sentence affirmed.


Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary


Date: 4/1/2026