J-A13040-20

2020 PA Super 193

COMMONWEALTH OF PENNSYLVANIA,      :      IN THE SUPERIOR COURT OF
                                   :             PENNSYLVANIA
                Appellee           :
                                   :
           v.                      :
                                   :
EDWARD C. MEEHAN JR.,              :
                                   :
                Appellant          :      No. 685 EDA 2019

Appeal from the Judgment of Sentence Entered January 17, 2019
     in the Court of Common Pleas of Philadelphia County
     Criminal Division at No(s): MC-51-MD-0000011-2019

BEFORE:   BENDER P.J.E., LAZARUS, J. and STRASSBURGER, J.*

OPINION BY STRASSBURGER, J.:                    Filed: August 13, 2020

   Edward C. Meehan Jr., Esquire, (Appellant) appeals from the January

17, 2019 judgment of sentence imposed following his convictions for

contempt.  We vacate Appellant's judgment of sentence, and reverse his

convictions.

   The background underlying this matter can be summarized as follows.

On January 10, 2019, the Honorable Jacquelyn M. Frazier-Lyde, a judge on

the Philadelphia Municipal Court, held a preliminary hearing of a criminal

case wherein Appellant represented one co-defendant, and Melissa

Singleton, Esquire, represented the other co-defendant.  Appellant moved to

_____

* Retired Senior Judge assigned to the Superior Court.

dismiss the charges against his client, but the court denied the motion to dismiss and held the case for court.

Although it does not appear in the notes of testimony, Appellant seemingly interrupted the trial court when it was advising Appellant's client of his upcoming court date because the trial court admonished Appellant, stating, "I am still talking, counsel. I am still talking." N.T., 1/10/2019, at 21. The trial court continued advising Appellant's client, when Appellant interjected, "I am just laughing, judge." *Id.* The trial court excused Appellant from the courtroom and said, "[Y]ou can laugh on out of here, with all due respect." *Id.* The trial court opinion indicates Appellant "continued [making] distracting remarks, laughing and expressing disagreement with the trial court ruling[]" as he exited the courtroom in the midst of Attorney Singleton's bail motion on behalf of co-defendant. Trial Court Opinion, 7/30/2019, at 3. However, any such remarks were not transcribed by the court reporter. The notes of testimony indicate that Attorney Singleton's bail motion on behalf of co-defendant was addressed, and the court took a brief recess. N.T., 1/10/2019, at 21.

During this recess, the trial court requested Appellant return to its courtroom. When Appellant returned, the trial court asked, "What did you say?," apparently in reference to something it heard Appellant say when he was exiting the courtroom after he was initially excused. *Id.* Rather than

respond to the question, Appellant argued the merits of his client's case. The following verbal exchange ensued:

THE COURT: Your client – wait a minute. Hold it.

[APPELLANT]: If you didn't want to get into it, you shouldn't have asked the question.

THE COURT: What you shouldn't have said is I need to know the law, read up on the law.

[APPELLANT]: You do.

THE COURT: Well, I do know the law and you owe me an apology or I will grant you a contempt hearing.

[APPELLANT]: You can hold me in contempt, if you want.

*Id.* at 22. The trial court twice more presented the ultimatum - apologize or be subjected to a contempt hearing - to Appellant. Both times, Appellant responded, "You made a bad decision." *Id.* at 23-24. Following the court's fourth recitation of the ultimatum, Appellant responded, "I will apologize for you making a bad decision on the law." *Id.* at 24. The trial court then stated that it was going to hold a contempt hearing for Appellant, scheduled the hearing, and indicated the reason being that it must "maintain the integrity of the court at all times." *Id.* at 27. In reply to the trial court's reasoning, Appellant stated, "It's an uphill battle," to which the trial court responded, "No it's not. It's really not an uphill battle to be courteous, cordial, and competent. Not for me it's not." *Id.*

On January 17, 2019, a contempt hearing was held, at which Appellant appeared *pro se*. Immediately, Appellant apologized for his actions at the

January 10, 2019 preliminary hearing. The trial court accepted Appellant's apology and read the charges – one count each of contempt under subsections (1), (2), and (3) of 42 Pa.C.S. § 4132. The trial court then provided a lengthy description of its judicial duties, and concluded by asking Appellant "how do you plead?" N.T., 1/17/2019, at 7. Appellant initially expressed confusion, stating, "I'm sorry?" before answering, "I'm going to plead guilty, Judge." *Id.* The trial court clarified, "You plead guilty?" to which Appellant replied, "[Y]eah, my behavior was abominable." *Id.* Although Appellant purportedly pled guilty, the trial court nevertheless recited at length its factual findings in support of contempt, reading the January 10, 2019 record, and at times, supplementing it with its own perception of the events that occurred. The trial court then sentenced Appellant to five days of incarceration for each charge to run concurrently, and a $100.00 fine for each charge, for a total of $300.00.

On January 25, 2019, Appellant timely filed *pro se* a post-sentence motion for reconsideration of sentence. After retaining counsel, on February 5, 2019, Appellant filed both an amended motion for reconsideration of sentence, in which he challenged the sufficiency of the evidence to sustain his convictions and the discretionary aspects of sentencing, and a motion to vacate the contempt finding pending the resolution of the motion for reconsideration. The trial court denied Appellant's motions on February 12, 2019.

This timely-filed appeal followed.[1] On appeal, Appellant challenges the sufficiency of the evidence to sustain his convictions under all three subsections of 42 Pa.C.S. § 4132 and claims the trial court imposed an illegal sentence. Appellant's Brief at 10-11. The Commonwealth agrees with and advocates in behalf of Appellant.

Initially, we must ascertain the nature of the contempt proceeding to determine whether Appellant may challenge the sufficiency of the evidence to sustain his convictions. Ordinarily, when entering a guilty plea in a criminal proceeding, a defendant "waives the right to challenge on [direct] appeal all non-jurisdictional defects except the legality of the sentence and the validity of the plea." **Commonwealth v. Luketic**, 162 A.3d 1149, 1159 (Pa. Super. 2017).

Instantly, "[s]ummary proceedings for contempt of court are those in which the adjudication omits the usual steps of 'the issuance of process, service of complaint and answer, holding hearings, taking evidence, listening to arguments, awaiting briefs, submission of findings, and all that goes with a conventional court trial.'" **Commonwealth v. Moody**, 125 A.3d 1, 8 (Pa. 2015), *citing* **Commonwealth v. Stevenson**, 393 A.2d 386, 392 (Pa. 1978)

---

[1] Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

(citations omitted). Furthermore, traditional procedural safeguards[2] that ensure the validity of a guilty plea in a formal proceeding did not occur, confirming our conclusion that this indeed was a summary hearing.

_____

[2] Our Supreme Court has outlined the procedure for guilty pleas as follows.

> In order to satisfy the constitutional requirement that a valid guilty plea must stand as an "intelligent admission of guilt," the law of this Commonwealth has long required that before a judge may properly accept a plea of guilty, a colloquy with the defendant must demonstrate that there is a factual basis for the plea and that the defendant understands the nature and elements of the offense charged.

*Commonwealth v. Hines*, 437 A.2d 1180, 1182 (Pa. 1982). Accordingly, prior to entry of a guilty plea in a formal proceeding, the trial court should conduct a guilty plea colloquy, asking the following questions at a minimum:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, Comment.

Therefore, Appellant's purported guilty plea is more aptly characterized as an acceptance of responsibility and apology to the trial court. Accordingly, it did not result in waiver of non-jurisdictional defects, and we can examine his sufficiency-of-the-evidence claim.

"A trial court's finding of contempt will not be disturbed absent an abuse of discretion." **Moody**, 125 A.3d at 12, *citing* **Commonwealth v. Baker**, 766 A.2d 328, 331 (2001). Contempt of court may be classified as civil or criminal, and "[c]riminal contempts are further subdivided into direct and indirect contempts." **Commonwealth v. Moody**, 46 A.3d 765, 772 (Pa. Super. 2012). Contempt is classified as direct criminal contempt where the "dominant purpose is to punish the contemnor for disobedience" of a court's order and where that disobedience occurs "in the presence of the court, or so near thereto [as] to interfere with its immediate business." **Id.** at 771-72. Direct criminal contempt is codified in 42 Pa.C.S. § 4132, which provides contempt power to the trial court and authorizes the court to penalize:

(1) The official misconduct of the officers of such courts respectively.

(2) Disobedience or neglect by officers, parties, jurors, or witnesses of or to the lawful process of the court.

(3) The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.

42 Pa.C.S. § 4132.

Preliminarily, the trial court opinion asserts Appellant made "distracting remarks, laugh[ed] and express[ed] disagreement with the trial court ruling." Trial Court Opinion, 7/30/2019, at 3. Although some of these remarks were not transcribed in the January 10, 2019 hearing transcript, the trial court indicated in its opinion that it directly heard the remarks and observed the behavior. Appellant does not contest having made the remarks and engaging in the behavior.

Appellant was convicted pursuant to each subsection of 42 Pa.C.S. § 4132. With respect to subsection (1), which refers to officers of the court, Appellant could not be held in contempt under this subsection because "the great weight of authority, both state and federal, supports the construction ... that attorneys do not fall within the purview of subsection (1) [of 42 Pa.C.S. § 4132]." **Matter of Campolongo**, 435 A.2d 581, 583 n.7 (Pa. 1981); **see also Moffatt by Moffatt v. Buano**, 569 A.2d 968, 970 (Pa. Super. 1990) (holding appellant attorney held in contempt for offensive remarks was not an "officer" of the court for the purposes of subsection (1)). Accordingly, we vacate Appellant's conviction under subsection (1).

Next, we review Appellant's conviction under subsection (2). Subsection (2) specifically provides that it can be invoked to hold officers, parties, jurors, and witnesses in contempt; yet attorneys are not mentioned. Pennsylvania's Statutory Construction Act informs our analysis, establishing that statutes that relate to the same persons or things must be construed

together as one statute. *See* 1 Pa.C.S. § 1932. "[S]tatutory interpretive principles [] require that where the meaning of a word or phrase is clear when used in one section of a statute, it will be construed to have the same meaning in another section of the same statute." *Bayview Loan Servicing, LLC v. Lindsay*, 185 A.3d 307, 313 (Pa. 2018) (citations omitted). Our case law that firmly establishes lawyers are not officers under 42 Pa.C.S. § 4132(1), coupled with our rule of statutory construction that requires us to construe identical clear words the same throughout the statute, compel our conclusion that a lawyer cannot be held in contempt under subsection (2).[3] Accordingly, we vacate Appellant's conviction under subsection (2).

---

[3] We recognize that lawyers have been held in contempt under subsection (2); however, in those cases, the issue of whether a lawyer is an officer was not raised.

> This Court has held that Subsection 4132(2) relates to disobedience or neglect by attorneys to the "lawful process of the court." This Court has found a counsel's failure to appear for a scheduled court appearance, a counsel's failure to communicate with the opposing party regarding transcripts, a counsel's failure to file timely points for charge, and a counsel's failure to file an accounting to fall within the purview of Subsection 4132(2). *See Commonwealth v. Kolansky*, 800 A.2d 937 (Pa. Super. 2002); *Commonwealth v. Pruitt*, 764 A.2d 569 (Pa. Super. 2008); *Estate of Baehr*, 596 A.2d 803 (Pa. Super. 1991); *Weingrad v. Lippy*, 445 A.2d 1306 (Pa. Super. 1982).

*In re C.W.*, 960 A.2d 458, 467 n.9 (Pa. Super. 2008) (citation format altered).

We now address Appellant's conviction under subsection (3) of the contempt statute. To sustain a conviction of contempt under subsection (3), the following elements must be established beyond a reasonable doubt: 1) misconduct; 2) in the presence of the court; 3) committed with the intent to obstruct the proceedings; 4) that obstructs the administration of justice. *Moody*, 125 A.3d at 5 n.4.

The evidence supports a finding that Appellant engaged in misconduct by making distracting remarks, laughing, and snidely expressing disagreement with the trial court's ruling by stating that the trial court needs to know and read up on the law.

Regarding the second element, there is no dispute that the above-described conduct was made in the presence of the trial court.

Regarding the intent to obstruct judicial proceedings, we have observed that "[t]here is wrongful intent if the contemnor knows or should be aware that his conduct is wrongful." *Commonwealth v. Williams*, 753 A.2d 856, 862 (Pa. Super. 2000) (citations omitted). This Court has emphasized the role that an individual's courtroom experience bears on his intent to obstruct judicial proceedings, noting that the requisite intent can be shown where the individual "should have been aware of the effect that his comment would have on the courtroom proceedings." *Id.* By his own admission, Appellant has appeared before the court on many occasions. Based on Appellant's previous courtroom experience, he knew or should

have known that interrupting the court while it was advising his client and during Attorney Singleton's bail motion on behalf of co-defendant, in itself, is wrongful. Appellant's behavior in light of his presumed knowledge of the proper conduct in a judicial setting evidences a clear intent to interrupt the court's proceedings.

"To obstruct justice, conduct must significantly disrupt judicial proceedings ... [C]ontempt requires actual, imminent prejudice to a fair proceeding or prejudice to the preservation of the court's orderly procedure and authority." **Williams**, 753 A.2d at 863. "Mere affront to the trial judge is not enough. Remarks that are injudicious, or even disrespectful, will not, without more, justify a summary conviction for contempt of court." **Matter of Campolongo**, 435 A.2d at 584. Indeed, the court proceeded with advising Appellant's client and beginning co-defendant's bail hearing despite Appellant's laughter and snide comments without significant interruption, and as evidenced by the lack of a break in proceedings in the notes of testimony. The record shows that the exchange between Appellant and the trial court was of a momentary nature and that the progress of the administration of justice was not impeded thereby. Accordingly, we vacate Appellant's conviction under subsection (3).

Finally, Appellant challenges the legality of his flat sentence of five days of incarceration. Given that we have reversed his convictions, this issue is moot.

Based on the foregoing, we vacate Appellant's judgment of sentence, and reverse his convictions.[4]

Judgment of sentence vacated. Convictions reversed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/13/20

_____

[4] Despite reversing his convictions, we note Appellant effectively insinuated that the trial court lacked competence when he suggested the trial court must know and read up on the law. Appellant's conduct evidenced a clear lack of respect for the trial court, warranting our firm disapproval despite our conclusion that his conduct does not amount to contempt. A lawyer may disagree with the outcome of a case, but that does not give him license to insult the trial court's intelligence. Appellant's insinuation as to whether the trial court judge understood the law was manifestly improper and ill-advised. We are in complete agreement with the trial judge's comment that it is not an uphill battle to be courteous, cordial and competent.