2023 PA SUPER 61

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEALI PERKINS | : | |
| | : | |
| Appellant | : | No. 2191 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 21, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-MD-0000017-2021

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

OPINION BY DUBOW, J.: **FILED APRIL 5, 2023**

Appellant, Leali Perkins, appeals from the judgment of sentence entered on September 21, 2021, after the municipal court found him guilty of direct criminal contempt.[1] After careful review, we conclude that the court erred by finding Appellant to be in direct contempt. As a result, we vacate Appellant's conviction and judgment of sentence.

On September 17, 2021, Latonya Scott testified at a preliminary hearing in connection with a burglary charge lodged against Appellant.[2] Approximately 10 to 15 minutes after the hearing concluded, Scott was waiting for the elevator in the hallway outside the courtroom when Appellant approached her

---

[1] We have jurisdiction to decide this direct appeal from the municipal court pursuant to 42 Pa.C.S. § 1123(a.1).

[2] The charge related to the burglary of Scott's home. N.T. Hr'g, 9/21/21, at 6. Appellant was convicted of this charge on July 27, 2022, at trial court docket number CP-51-CR-0008038-2021.

from behind and threatened: "I'm going to get you, you fat lying bitch."[3] Scott immediately returned to the courtroom where she loudly told the prosecutor that Appellant had threatened her.[4]

As a result of Appellant's conduct, the court convened a contempt hearing on September 21, 2021. At the conclusion of the hearing, the court found Appellant in direct criminal contempt pursuant to 42 Pa.C.S. § 4132(3). In explaining its rationale, the court stated, in part:

> [Scott] spent fourteen or fifteen minutes sitting inside of the courtroom and for one minute **she walks out of the physical court towards the elevator, which is some distance on this floor.** And in that one minute span she is confronted by [Appellant].
>
> And he makes the statement ["]I am going to get you[,] you fat lying bitch.["] He's the only person near her. She hears it.
>
> She immediately comes back to the courtroom. **As soon as she came through the door she spoke out loudly [that] he threatened me. And that is how the [c]ourt came into knowledge of this incident.**

N.T. Hr'g, 9/21/21, at 22-23 (emphasis added). The court's summary of the evidence clearly indicates that (1) Appellant threatened Scott outside the courtroom, and (2) the court's knowledge of the threat came from Scott and was not first-hand.

The court immediately sentenced Appellant to a term of 3 to 6 months' incarceration on the direct criminal contempt conviction. Appellant timely filed

---

[3] N.T. Hr'g, 9/21/21, at 7.

[4] *Id.* at 10.

a Notice of Appeal and both he and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

Was not the evidence legally insufficient to establish beyond a reasonable doubt that [Appellant] was guilty of direct criminal contempt where [Appellant's] actions did not occur "in the presence of the court" as required by the contempt statute but rather occurred outside the presence of the judge fifteen minutes after the case was over when [] Scott had left the courtroom, walked 100 to 200 feet down a hallway and was about to press the button for the elevator?

Appellant's Br. at 3.[5]

**A.**

"A trial court's finding of contempt will not be disturbed absent an abuse of discretion." ***Commonwealth v. Meehan***, 235 A.3d 1284, 1288 (Pa. Super. 2020) (citation omitted). Since this is an appeal from a contempt conviction of the municipal court, we are "limited to a review of the record." 42 Pa.C.S. § 1123(a.1). Additionally, since Appellant's issue assails the sufficiency of the Commonwealth's evidence, we must determine if the evidence is sufficient to enable the factfinder to find every element of the crime beyond a reasonable doubt. ***Commonwealth v. Brumbaugh***, 932 A.2d 108, 109 (Pa. Super. 2007).

---

[5] Appellant also challenges the sufficiency of the evidence to support a finding that his conduct obstructed the administration of justice. Appellant's Br. at 3, 21. Because we grant Appellant relief based on his first issue, we do not reach his second.

"[C]ontempt of court is the obstruction of the court's orderly process." ***Commonwealth v. Stevenson***, 283 A.3d 196, 205 (Pa. 2022) (citation omitted). Criminal contempt has "as a dominant purpose the vindication of the dignity and authority of the court and to protect the interests of the general public." ***Commonwealth v. Marcone***, 410 A.2d 759, 762 (Pa. 1980).

Criminal contempt occurs in two ways: direct and indirect. In general, contempt is "direct when committed in the court's presence and indirect when committed beyond its presence." ***Crozer-Chester Medical Center v. Moran***, 560 A.2d 133, 136 (Pa. 1989). To sustain a conviction for direct criminal contempt, "the following elements must be established beyond a reasonable doubt: 1) misconduct; 2) in the presence of the court; 3) committed with the intent to obstruct the proceedings; 4) that obstructs the administration of justice." ***Meehan***, 235 A.3d at 1289; 42 Pa.C.S. § 4132(3).

Indirect criminal contempt, on the other hand, "is committed by obstructive conduct that occurs outside of the court's presence." ***Stevenson***, 283 A.3d at 205. A conviction for indirect criminal contempt requires, *inter alia*, proof that the alleged contemnor's conduct violated a "definite, clear, and specific" order or decree. ***Commonwealth v. Boyer***, 282 A.3d 1161, 1167 (Pa. Super. 2022) (citations omitted).

Finally, we observe that a defendant released before trial is implicitly ordered to refrain from committing witness or victim intimidation. 18 Pa.C.S. § 4956(a). A violation of the implied order is punishable via the court's contempt powers. ***Id.*** at § 4955(a)(2). Thus, when a defendant released

before trial intimidates a witness of victim outside of court, as occurred in this case, the defendant may be found guilty of indirect criminal contempt. **See Commonwealth v. Reese**, 156 A.3d 1250, 1253 n.1, 1258 (Pa. Super. 2017) (construing a conviction under Section 4955 to be a conviction for indirect criminal contempt).

**B.**

Appellant's first issue involves the interpretation of the phrase, "in the presence of the court." Appellant's Br. at 10-21. Appellant argues that the trial court improperly expanded the definition to include his conduct, which occurred outside the courtroom. **Id.** According to Appellant, since his conduct occurred outside the presence of the court, the evidence was insufficient to convict him of direct criminal contempt. **Id.** We agree.

As described above, Appellant's allegedly contemptuous conduct occurred at the courthouse elevator, "out of the physical court [and] some distance [away] on this floor." N.T. Hr'g at 22-23. The judge acknowledged that he was not present to view the misconduct, and learned of it only when the victim returned to the courtroom immediately after the proceeding had ended. **Id.** Nonetheless, the court convicted Appellant of direct criminal contempt. **Id.** at 22, 28. In support, the court quoted **Commonwealth v. Falana**, 696 A.2d 126, 129 (Pa. 1997), to reason that "misconduct occurs in the presence of the court . . . if the conduct occurs outside the courtroom but

- 5 -

so near thereto that it obstructs the administration of justice." N.T. Hr'g at 23-25.[6]

In *Falana*, the trial court convicted the defendant of direct criminal contempt for threatening his assault victim in the "public section of the courtroom while his back was to the judge." 696 A.2d at 129. In affirming the judgment of sentence, our Supreme Court opined that "misconduct occurs in the presence of the court if the court itself witnesses the conduct or if the conduct occurs outside the courtroom but so near thereto that it obstructs the administration of justice." *Id.*

The trial court's reliance on *Falana* is misplaced for several reasons. First, the *Falana* Court's statement relating to misconduct outside the courtroom is *dicta* since the question in *Falana* was whether it was contemptuous for a defendant to issue a threat *in* the courtroom in a voice too low for the trial judge to have heard. *See Falana*, 696 A.2d at 129. *See also Commonwealth v. Romero*, 183 A.3d 364, 400 n.18 (Pa. 2018)

_____

[6] At the contempt hearing, the trial court relied upon *Falana*. In its Rule 1925(a) Opinion, however, it has relied on other legal authority that addresses direct contempt convictions based on a defendant's failure to appear for a court hearing. Trial Ct. Op., 7/19/22, at 3-4 (unpaginated). We find those cases distinguishable from the facts before us because the failure to appear when ordered is an act that occurs in the presence of the court, as the court has convened and the contemnor's absence from the tribunal is evident. *Commonwealth v. Ferrera*, 409 A.2d 407, 411 (Pa. 1979). *See also Commonwealth v. Marcone*, 410 A.2d 759, 764 n.5 (Pa. 1980) (explaining that the "deliberate and unexcused absence" from a scheduled court appearance may be "a direct contempt" on the basis that "this type of misconduct is the absence which is witnessed by the court"). Appellant's conduct in the instant case did not occur in the court's presence.

(defining *dicta* as "[a] judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential" (citation omitted)).[7]

Moreover, our Supreme Court subsequently explained that **Falana** stands for the concept that while the contemptuous conduct must occur "in the presence of the court," the court "is under no obligation to prove that it actually witnessed the disturbance." **Commonwealth v. Moody**, 125 A.3d 1, 10-11 (Pa. 2015). The **Moody** Court accordingly held that direct criminal contempt is, thus, defined by misconduct "'directly under the eye' of the court—in the sense that the court is looking directly at it—[and] anywhere 'within the view of the court.'" **Id.** at 12 (citation omitted).

Considering the above, it is evident that the misconduct at issue did not occur "in the presence of the court." The court did not hear the threat, as Appellant issued it at the courthouse elevator, outside the courtroom and "some distance [away] on this floor." N.T. Hr'g at 23. The misconduct, thus, did not occur "directly under the eye of the court [nor] anywhere within the view of the court." **Moody**, 125 A.3d at 12. Since the misconduct occurred

---

[7] Additionally, the Court in **Falana**, 696 A.2d at 129, derived the phrase "so near thereto" from a line of cases that, at its inception, cited to the federal contempt statute, 18 U.S.C. § 401(1), for the definition of direct contempt. Section 401 defines direct contempt as "[m]isbehavior of any person in [the court's] presence or **so near thereto** as to obstruct the administration of justice." **Id.** (emphasis added). The words "so near thereto" are conspicuously absent from the Pennsylvania statute. 42 Pa.C.S. § 4132(3).

outside the presence of the court, the court erred by finding Appellant in direct criminal contempt.[8]

## C.

As a result of the above, we vacate Appellant's conviction and judgment of sentence for direct criminal contempt.[9]

Judgment of sentence vacated.
Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/05/2023

_____

[8] Further, as the **Moody** Court observed, direct criminal contempt is punishable by summary proceedings without "the usual steps of . . . a conventional court trial[,] . . . a drastic departure from our traditional view of due process." 125 A.3d at 8 (citation omitted). To expand the definition of "in the presence of the court" to include conduct that is outside the presence of the court would risk encroaching on defendants' constitutional right to due process.

[9] As discussed *supra*, 18 Pa.C.S. §§ 4955 and 4956 authorize the trial court to convict a defendant, who is released before trial, of indirect criminal contempt when the defendant intimidates a victim outside the presence of the court. Since the trial court did not convict Appellant of indirect criminal contempt, we are constrained to reverse the conviction.