J-S19018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                              :           PENNSYLVANIA
                              :
        v.                    :
                              :
                              :
                              :
MARK LEWIS WETZEL             :
                              :
        Appellant             :   No. 1500 MDA 2022

Appeal from the Judgment of Sentence Entered September 21, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-MD-0001534-2021

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                              :           PENNSYLVANIA
                              :
        v.                    :
                              :
                              :
                              :
MARK LEWIS WETZEL             :
                              :
        Appellant             :   No. 1501 MDA 2022

Appeal from the Judgment of Sentence Entered September 21, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-MD-0001227-2021

BEFORE:   DUBOW, J., BECK, J., and COLINS, J.[*]

MEMORANDUM BY BECK, J.:                          **FILED: JULY 2, 2024**

Mark Wetzel ("Wetzel") appeals from the judgment of sentence imposed

by the Court of Common Pleas of York County (the "trial court") following his

conviction of two counts of indirect criminal contempt of an order issued

_____

[*] Retired Senior Judge assigned to the Superior Court.

pursuant to the Protection from Abuse ("PFA") Act,[1] in favor of his wife, Rebecca Gominger ("Gominger"). Wetzel's counsel, Garrison J. Crow ("Counsel"), seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). Upon review, we grant Counsel's petition to withdraw and affirm Wetzel's judgment of sentence.

The record reflects that Gominger obtained a PFA order against Wetzel, effective November 19, 2020, through November 19, 2026. In relevant part, the PFA order limited Wetzel's contact with Gominger to text or email, and he could only ask about the health and welfare of the parties' minor daughter.

On February 10, 2021, Wetzel repeatedly called Gominger and asked her for a ride to prison. Gominger eventually agreed to meet Wetzel at a home they owned together. Wetzel drove to the home in his truck. He then gave Gominger a firearm, which she had previously requested pursuant to the PFA order. As Gominger secured the firearm, Wetzel indicated that he was going to kill himself if she did not answer his call and drive him to the prison. Afterwards, she asked Wetzel to walk through the home to show him that various items were missing. Wetzel indicated he knew the location of the missing items. Ultimately, Gominger drove Wetzel to the courthouse and dropped him off.

---

[1] 23 Pa.C.S. §§ 6101-6122.

On April 17, 2021, Wetzel sent Gominger two love letters from the York County Prison. The letters were addressed to Gominger, and included Wetzel's prisoner number. In the letters, Wetzel did not ask about the welfare of the parties' daughter, and instead stated that he and Gominger were together and that she could never leave him.

The Commonwealth filed separate criminal complaints for indirect criminal contempt, alleging that he violated the PFA order by contacting Gominger on two occasions. On September 21, 2022, the trial court held a hearing, at which Gominger and the officer who filed the charges testified. Following the hearing, the trial court found Wetzel guilty of two counts of indirect criminal contempt. That same day, the trial court sentenced Wetzel to three to six months in county prison and a $300 fine for the April 17, 2021 incident and a consecutive sentence of six months of probation and a $300 fine for the February 10, 2021 incident.

Wetzel filed a timely notice of appeal. The trial court ordered Wetzel to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). In response, Counsel filed a statement of intent to withdraw pursuant to *Anders*/*Santiago* in lieu of a Rule 1925(b) statement. *See* Pa.R.A.P 1925 (c)(4) ("If counsel intends to seek to withdraw in a criminal case pursuant to *Anders*/*Santiago* …, counsel shall file of record and serve on the judge a statement of intent to withdraw in lieu of filing a Statement.").

Counsel filed an ***Anders*** brief and petition to withdraw as counsel in this Court. When faced with an **Anders** brief, we may not review the merits of the underlying issues or allow withdrawal without first deciding whether counsel has complied with all requirements set forth in ***Anders*** and ***Santiago***. ***Commonwealth v. Wimbush***, 951 A.2d 379, 382 (Pa. Super. 2008). There are mandates that counsel seeking to withdraw pursuant to ***Anders*** must follow, which arise because a criminal defendant has a constitutional right to a direct appeal and to be represented by counsel for the pendency of that appeal. ***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with ***Anders*** or file an advocate's brief on [a]ppellant's behalf).

***Id.*** (citations omitted).

Additionally, ***Santiago*** sets forth precisely what an ***Anders*** brief must contain:

> [T]he ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the record to determine whether there are any other non-frivolous issues that the appellant could raise on appeal. ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Instantly, we conclude that Counsel has complied with the requirements outlined above. Counsel has filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous. Petition to Withdraw as Counsel, 5/15/2023. In conformance with ***Santiago***, Counsel's brief includes summaries of the facts and procedural history of the case and discusses the issue he believes might arguably support Wetzel's appeal. ***See Anders*** Brief at 5-12. Counsel's brief further sets forth his conclusion that the appeal is frivolous and includes discussion of, and citation to, relevant authority in support of his conclusion. ***Id.*** at 9-12. Finally, Counsel attached to his petition to withdraw the letter he sent to Wetzel, which enclosed Counsel's petition and ***Anders*** brief. Petition to Withdraw as Counsel, 5/15/2023, Ex. A. Counsel's letter advised Wetzel of his right to proceed pro

- 5 -

se or with private counsel, and to raise any additional issues that he deems worthy of this court's consideration. *Id.* Because Counsel has complied with the procedural requirements for withdrawing from representation, we turn our attention to the issue Counsel raised in the *Anders* brief: "Whether there was sufficient evidence to establish [] Wetzel committed indirect criminal contempt on both dockets?" *Anders* Brief at 4.

Wetzel argues that there is insufficient evidence to sustain his convictions of indirect criminal contempt. *Id.* at 9-12. Our Court's standard of review of a challenge to the sufficiency of the evidence is well settled:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Juray*, 275 A.3d 1037, 1042 (Pa. Super. 2022) (quotation marks and citations omitted).

Indirect criminal contempt "is committed by obstructive conduct that occurs outside the court's presence." *Commonwealth v. Perkins*, 292 A.3d 1144, 1147 (Pa. Super. 2023) (citation omitted).

> Where a PFA order is involved, an indirect criminal contempt charge is designed to seek punishment for violation of the protective order. A charge of indirect criminal contempt consists of a claim that a violation of an order or decree of court occurred outside the presence of the court. To establish indirect criminal contempt, the Commonwealth must prove: 1) the order was sufficiently definite, clear, and specific to the contemnor as to

- 6 -

leave no doubt of the conduct prohibited; 2) the contemnor had notice of the order; 3) the act constituting the violation must have been volitional; and 4) the contemnor must have acted with wrongful intent.

*Commonwealth v. Lambert*, 147 A.3d 1221, 1226 (Pa. Super. 2016) (citations, brackets, and quotation marks omitted).

The record reflects that the trial court entered a PFA order against Wetzel that limited contact with Gominger to email or text about the welfare of their child. *See* PFA Order, 11/19/2020, at 3 (ordering that the "parties may have contact limited to TEXT or EMAIL only for ascertaining the health and welfare of the parties' minor child") (emphasis in original). Nevertheless, on February 10, 2021, Wetzel called Gominger's cell phone multiple times, and Gominger knew the caller was Wetzel from the caller ID and, upon answering, her familiarity with the sound of his voice. N.T., 9/21/2022, at 5-6. Wetzel stated he had an emergency and needed a ride to the York County Prison. *Id.* at 6. Wetzel indicated that no one else could take him other than Gominger. *Id.* Gominger agreed, met him at the house the two co-owned in York County, and ultimately took him to the prison after he threatened to commit suicide unless she gave him a ride. *Id.* at 6-8.

On April 17, 2021, Gominger received two letters from the York County Prison, where Wetzel was housed at the time. *Id.* at 9. The letters were addressed to Gominger and contained Wetzel's name, inmate number, and the return address of the York County Prison. *Id.* at 11. Gominger was able to recognize Wetzel's handwriting in the letters as well as certain words that

Wetzel regularly misspelled. *Id.* at 10. The letters made no mention about the health and safety of their child, but instead contained expressions of his love for her and his continued control over her. *Id.* at 13. The trial court credited Gominger's testimony as credible. *Id.* at 25.

Viewing the evidence in the light most favorable to the Commonwealth, as the verdict winner, we conclude that the evidence was sufficient to support both indirect criminal contempt convictions. *See Juray*, 275 A.3d at 1042. Here, the PFA order clearly stated that Wetzel could only contact Gominger about the health and welfare of their child by email or text. *See* PFA Order, 11/19/2020, at 3; *see also Commonwealth v. Brumbaugh*, 932 A.2d 108, 110 (Pa. Super. 2007) (concluding that language prohibiting "ANY CONTACT" is clear and definite to convey that attending a party with the subject of the PFA order would be a violation).

The record also established that Wetzel had notice of the PFA order. This is evidenced by the fact that Wetzel brought Gominger the gun, as the PFA order prohibited Wetzel from possessing any firearms. PFA Order, 11/19/2020, at 3. Further, the final PFA order indicated that Wetzel had a previous violation. *See* PFA Order, 11/19/2020, at 2; *see also Commonwealth v. Stevenson*, 283 A.3d 196, 207 (Pa. 2022) (concluding that the defendant's conduct leading to the PFA violation established that the defendant had knowledge of the PFA order).

The acts committed by Wetzel in violation of the order were clearly volitional. He contacted Gominger by phone and by letter, both of which were prohibited forms of contact, and for purposes prohibited by the PFA order.

Finally, Wetzel acted with wrongful intent when he knowingly contacted Gominger by phone and by mail. He was aware of the permissible purposes and means by which he could contact Gominger and instead called her, implored her to meet him in person, and authored letters to her professing his love and continued control of her. **See Lambert**, 147 A.3d at 1227 (noting that judges "should use common sense and consider context and surrounding factors in making determination as to whether violation of a PFA is truly intentional") (citation omitted).

Based on the foregoing, the evidence at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, were sufficient to sustain Wetzel's convictions. We therefore agree that the claim is frivolous.

Our independent review of the record reveals no other non-frivolous issues that Wetzel could raise on appeal. **See Dempster**, 187 A.3d at 272. We therefore grant Counsel's petition to withdraw and affirm Wetzel's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>07/02/2024</u>